**W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Appellant,**

v.

**CHESAPEAKE BAY FROSTED FOODS CORPORATION, a corporation, Appellee.**

**No. 9265.**

United States Court of Appeals
Fourth Circuit.

Argued April 21, 1964.

Decided Aug. 19, 1964.

Jacob I. Karro, Deputy Asst. Sol., U. S. Dept. of Labor, Washington, D. C. (Charles Donahue, Sol. of Labor, Bessie Margolin, Associate Sol. of Labor, Beate Bloch and Anastasia T. Dunau, Attys., and Jeter S. Ray, Regional Atty., U. S. Dept. of Labor, Washington, D. C., on the brief), for appellant.

Wm. B. McLeod, Whitestone, Va. (Ammon G. Dunton and Dunton, McLeod & Simmons, Whitestone, Va., on the brief), for appellee.

Before HAYNSWORTH and BELL, Circuit Judges, and CRAVEN, District Judge.

PER CURIAM.

■ For the reasons stated in the opinion of the District Court,[1] we hold that the defendant was engaged in the processing of oysters, shrimp, scallops, fish and crabmeat within the meaning of § 213(b) (4) of the Fair Labor Standards Act,[2] and is thus exempt from the overtime,[3] but not from the minimum wage,[4] provisions of that Act, as amended. We need add nothing to what Judge Michie said in his opinion, except to advert briefly to one contention the Secretary advances here.

■ It is clear that oysters, large shrimp and crabmeat cannot be refrozen and retain their quality. They must be breaded and processed when fresh, so that the defendant's operations must be geared to the seasons when they run and are available. This is substantially true also of scallops. It is not true, however, of small shrimp or of fish for processing into fish sticks, and the defendant buys substantial quantities of prefrozen fish and small shrimp.[5]

The Secretary suggests that while the defendant's processing of oysters, crabmeat, scallops and large shrimp may fall within the Congressional intention to partially exempt those processes which are dependent upon the vicissitudes of the catch, its processing of prefrozen small shrimp and fish is not.

General consideration of the necessity of prompt processing of fresh seafoods well may underlie the Congressional purpose, but the exemption the Congress provided is not so narrow. This is manifest in the exemption of those engaged in storing, packing for shipment and distributing frozen seafoods, operations which may have no, or only a remote, relation to harvesting seasons. We find in the statutory exemption no basis for a distinction between those employees who process and handle previously frozen fish and small shrimp and those other employees of the same employer who handle and process exclusively the much larger volume of previously unfrozen products of the sea.

Affirmed.

1. Wirtz v. Chesapeake Bay Frosted Foods Corporation, E.D.Va., 220 F.Supp. 586.

2. 29 U.S.C.A. § 213(b) (4).

3. 29 U.S.C.A. § 207.

4. 29 U.S.C.A. § 206.

5. These account for a relatively small proportion of the defendant's business, however. Its leading product is breaded oysters.